**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brittany Richey and Justin Hulme, Defendants,

Of whom Brittany Richey is the Appellant,

and Justin Hulme is a Respondent.

In the interest of minors under the age of 18.

Appellate Case No. 2017-002600

Appeal From Anderson County
David E. Phillips, Family Court Judge

Unpublished Opinion No. 2019-UP-058
Submitted January 11, 2019 – Filed February 1, 2019

**AFFIRMED**

Gregory Lee Cole, Jr., of Cox & Cole, Attorneys at Law, of Williamston, for Appellant.

James Victor McDade, of Doyle Tate & McDade, PA, of Anderson; and Kathleen J. Hodges, of the South Carolina

Department of Social Services, of Belton, both for Respondent South Carolina Department of Social Services.

Samuel J. Briggs, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Brittany Richey (Mother) appeals the family court's order terminating her parental rights to her minor son and daughter (Children). On appeal, Mother argues the family court erred in terminating her parental rights because the South Carolina Department of Social Services (DSS) failed to prove termination was in Children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

Viewed from Children's perspective, we find termination of parental rights (TPR) was in their best interest. *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (stating in a TPR case, the best interest of the children is the paramount consideration); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] whe[n] children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").

Children were placed in emergency protective custody in January 2016 after Mother tested positive for amphetamine and methamphetamine at the birth of another child, and that infant also tested positive for methamphetamine. Despite the family court ordering Mother to complete drug treatment and parenting classes,

Mother was discharged from or voluntarily left four drug treatment programs, failed to test negative for drugs for eighteen months, and admitted to using drugs as recently as August 2017, which was approximately one month prior to the TPR hearing. Because Mother failed to complete these important portions of her placement plan focused on creating a drug-free environment, it is not reasonably likely Mother can provide a safe and suitable home for Children in the foreseeable future.

Additionally, the evidence suggests Children will achieve stability and permanency through adoption if TPR is affirmed. *See S.C. Dep't of Soc. Servs. v. Cameron N.F.L.*, 403 S.C. 323, 329, 742 S.E.2d 697, 700 (Ct. App. 2013) ("[T]his court has considered future stability when determining whether TPR is in a child's best interest."). At the time of the TPR hearing, Children had been in foster care for approximately nineteen months. The testimony indicated several families were interested in adopting Children. DSS indicated Children were doing well in their foster homes and believed TPR was in their best interest. Because the evidence suggests the Children will obtain permanent homes through adoption if TPR is affirmed, we find TPR is in their best interest.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.